PROCEEDINGS
OHIO SUPREME COURT
TUESDAY, MARCH 23, 1926
GENERAL DOCKET

19207—State of Ohio, ex rel. C. C. Crabbe, Atty. Genl., v. Middletown Hydraulic Co. In Quo Warranto. Demurrer to answer overruled in part and sustained in part. Marshall, CJ., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Jones, J., dissents. Dock. 6-14-25; 3 Abs. 386.

MOTION DOCKET

19601—Bruce J. Leveck v. State of Ohio. Motion for Greene Appeals to certify. Overruled. Dock. 1-27-26; 4 Abs. 88.

19602—Bert Smith v. State of Ohio. Motion for Greene Appeals to certify. Overruled. Dock. 1-27-26; 4 Abs. 88.

19603—Bert Smith v. State of Ohio. Motion for Greene Appeals to certify. Overruled. Dock. 1-27-26; 4Abs. 88.

# Abstracts of Last Week's SUPREME COURT OPINIONS

A copy of the Supreme Court opinions, or any part thereof in the following cases of which the syllabi appear below, will be promptly furnished to Abstract subscribers at cost of preparing.

SYLLABI
No. 268

No. 19233—State ex rel. Albert Smith v. Herman Witter, etc., et al. In Mandamus.

747. MANDAMUS—A court in the exercise of its discretion, may refuse writ where relator has allowed unreasonable time to elapse before bringing action; especially when delay may be prejudicial.

No. 269

No. 19207—State, ex rel. C. C. Crabbe, Attorney General, v. The Middletown Hydraulic Company. In Quo Warranto.

1104. STATUTES—An act 23 OL. 56 to provide for internal improvement of navigable canals, as interpreted by the canal commissioner, to accept a grant of land in less than fee simple, adopted in so far as it affects vested rights.

445. EASEMENT—1. Where a reserva-

tion in a grant of land to build a canal is adhered to for one hundred years, it will also be upheld by this court.

2. Where water rights are granted for a specified use, in the absence of an expressed intention that the grant is for no other use, the limitation is not construed as to the character of the use, but only as to the quantity thereof.

ROBINSON, J.

1. The interpretation by the canal commissioners of the extent of the power conferred upon them by Section 8 of the "Act to provide for the internal improvement of the State of Ohio by navigable canals", (23 OL. 56) to accept for canal purposes a grant of an interest in land less than a fee simple, acquiesced in for a long period of years, will, in view of the ambiguity of the provisions of the act in that respect, be adopted by this court as the true interpretation in so far as that interpretation affects vested rights preserved or acquired under that act as so interpreted.

2. Where the State finds E. in possession of a dam of his own construction, the owner of a mill race, and in the use and enjoyment of water rights from the pool above the dam, which dam and mill race site it desires to use in the construction of a state canal as a navigable highway for the use of the public, and accepts from E. a grant of the land occupied by the mill race, which grant contains the words "all water privileges reserved to Myself as to Mill seats, etc." and both the state and E. interpret such reservation as an exception, and in pursuance of such interpretation the state constructs its feeder of sufficient capacity to supply its needs for canal purposes and the needs of E. and constructs a weir or gauge in the feeder for the use of E. and supplies water from such feeder through such weir to E. for 32 years, and to his successors for 68 years, the contemporaneous interpretation of the reservation in the grant as constituting an exception therefrom by all parties interested, adhered to for so many years, will be adhered to by this court.

3. Where water rights are granted for a specified use, or are excepted from a grant for a specified use, in the absence of an expressed intention that the grant or the limitation are for no other use, the specification of the use will not be regarded as a limitation of the character of the use, but only as a limitation of the quantity of the use.

Demurrer to answer overruled in part and sustained in part.

Marshall, CJ., Matthias, Day, Allen and Kinkade, JJ., concur. Jones, J., dissents.